**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

CARL BROWN,                                   :
                                              :
                        Plaintiff,            :
                                              :          **OPINION & ORDER**
            - against -                       :
                                              :          **05 Civ. 9443 (PKC) (RLE)**
C.O. GREG M. AUSTIN, et al.,                  :
                                              :
                        Defendants.           :

------------------------------------------------------------

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

*Pro se* plaintiff, Carl Brown ("Brown"), filed suit on October 5, 2005, against corrections

officers Greg M. Austin, Clifford K. Gunsett, and Danie Huttel, and prison officials Andrew J.

Shambo, and Seargent David J. Matyas (collectively, "defendants"), raising various civil rights

claims under 42 U.S.C. § 1983. Pending before the Court is Brown's application for

appointment of counsel. For the reasons set forth below, the application is **DENIED** without

prejudice.

## II. FACTS

Brown alleges that defendants have committed a number of civil rights violations against

him. For example, he claims some of the corrections officers named in his complaint assaulted

him in the shower, kicked him in the back, broke his fingers, stomped on him, and kneed him.

Complaint under the Civil Rights Act ("Compl.") ¶ IV. He claims that he was then denied

adequate medical attention for his injuries. **Id**. ¶ IV-A. He alleges that officers interfered with

both his personal mail and his attempts to file legal papers. **Id**., attached page 2. He also claims

sexual harassment, and mentions that he believes he has been targeted because his father is Berry

Gordy, Jr. **Id**. In his complaint, Brown states that he needs counsel because of his broken fingers. **Id**. ¶ V. He does not refer to this in his Application for the Court to Request Counsel ("AOC Request"), but does report that he can "barely read and write" and that the "person who is helping [him] is about to leave the jail."

### III. DISCUSSION

In making the determination of whether to appoint counsel for an indigent civil litigant under 28 U.S.C. § 1915(e), the court "exercises substantial discretion, subject to the requirement that it be guided by sound legal principle." **Cooper v. A. Sargenti Co.**, 877 F.2d 170, 171-72 (2d Cir. 1989) (*citing* **Jenkins v. Chemical Bank**, 721 F.2d 876, 879 (2d Cir. 1983)). The court must first ask whether plaintiff can afford to obtain counsel. *See* **Terminate Control Corp. v. Horowitz**, 28 F.3d 1335, 1341 (2d Cir. 1994). If the court finds that a plaintiff cannot afford counsel, it must then examine the merits of the case and determine whether the indigent's position "seems likely to be of substance." **Hodge v. Police Officers**, 802 F.2d 58, 61-62 (2d Cir. 1986). Once the initial determinations have been made as to indigence and merit, the court has discretion to consider the following factors: (1) the indigent's ability to investigate the crucial facts; (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (3) the indigent's ability to present the case, (4) the complexity of the legal issues and (5) any special reason in that case why appointment of counsel would be more likely to lead to a just determination. **Id**. at 60-61.

Brown satisfies the threshold requirements insofar as his *in forma pauperis* status establishes his inability to afford counsel. Similarly, his claims appear to be "of substance." **Id**. at 62. For example, "a prisoner who alleges facts from which it could be inferred that prison

officials subjected him to excessive force, and did so maliciously and sadistically, states an Eighth Amendment claim on which he is entitled to present evidence." **Sims v. Artuz**, 230 F.3d 14, 22 (2d Cir. 2000). Punishments which are incompatible with "the evolving standards of decency . . . or involve the unnecessary and wanton infliction of pain" are repugnant to the standards established by the Eighth Amendment, which prohibits cruel and unusual punishment. **Estelle v. Gamble**, 429 U.S. 97, 102-03 (1976). Denial of medical care may result in pain and suffering which would not serve any penological purpose. **Gregg v. Georgia**, 428 U.S. 153, 173 (1976). To establish a claim, a prisoner must show "deliberate indifference to serious medical needs. The indifference is manifested by . . . prison guards in intentionally denying or delaying access to medical care." **Estelle**, 429 U.S. at 104-05. Brown's description of the beating and subsequent denial of medical attention states facts which could adequately claim constitutional violations. Similarly, Brown's claim that officers interfered with his personal and legal mail could also establish a violation of civil rights. *See* **Amaker v. Haponik**, 1999 WL 76798, at *5-6 (S.D.N.Y. Feb. 17, 1999) (*citing* **Thornburgh v. Abbott**, 490 U.S. 401, 413 (1989) and stating "The Supreme Court has recognized on a number of occasions that prisoners have protected First Amendment interests in sending and receiving correspondence.").

In considering the additional **Hodge** factors, however, it appears the appointment of counsel is unnecessary. The case will likely involve an assessment of credibility and conflicting evidence, which does implicate the need for cross-examination and therefore weigh towards appointment of counsel. *See* **Hodge**, 802 F.2d at 61 (*citing* **Maclin v. Freake**, 650 F.2d 885, 887 (7th Cir. 1981)). Brown's incarceration obviously presents an additional obstacle for his prosecution of the case. However, his complaint articulates a clear and concise statement of the

facts. Compl. ¶ IV. Indeed, the quality of his complaint raises questions about the claim in his application for appointment of counsel that he can "barely read and write." AOC Request at 1. *See* **Santiago v. Johnson**, 2000 WL 502855, at \*3 (S.D.N.Y. Apr. 25, 2000) (denying appointment of counsel where submissions were "ably drafted" making "suspect plaintiff's claims regarding his abilities to read and to write at a level sufficient to prosecute this action").

With his complaint, Brown included an affidavit from a witness, a list of the evidence he plans to use, and additional proof about the grievances he filed, as well as an outline of an argument about administrative exhaustion. *See* attachments to Compl. These additional submissions indicate that Brown is aware of the elements of his claims, the proof needed to make his case, and the administrative requirements he is required to fulfill. Furthermore, Brown's claims do not appear so complex that he cannot be afforded a just determination without legal representation. After review of the plaintiff's application in light of the aforementioned principles, the court finds that the appointment of counsel is not warranted in this case.

Brown's motion for appointment of counsel is **DENIED** without prejudice to re-filing his request and providing more information about his statement to the effect that he can "barely read and write." If he does re-file, Brown must explain whether he is illiterate or whether his medical situation keeps him from writing, and how either of these obstacles may affect his ability to represent himself in this case in the future.

**SO ORDERED this 3rd day of February 2006**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

4