UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARL BROWN,

                    Plaintiff,

            - against -

C.O. GREG M. AUSTIN, et al.,

                    Defendants.

**OPINION & ORDER**

**05 Civ. 9443 (KPC) (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

*Pro se* plaintiff, Carl Brown ("Brown"), commenced this action against corrections officers Greg Austin, Clifford K. Gensett, Danie Huttel, Steven D. Purcell; and prison officials Andrew J. Shambo and Seargent David J. Matyas (collectively, "defendants"). In his complaint, he raises various civil rights claims under 42 U.S.C. § 1983. Pending before the Court is Brown's second application for appointment of counsel. For the reasons which follow, Brown's application is **DENIED**.

## II. FACTS

Brown alleges that defendants have committed a number of civil rights violations against him. He claims that he has been assaulted in the shower, kicked in the back, and had his fingers broken, as well as other physical attacks. Complaint under the Civil Rights Act ("Compl.") ¶ IV. He claims that he was then denied adequate medical attention for his injuries, **id**. ¶ IV-A, and that prison staff have interfered with both his personal mail and his attempts to file legal papers. **Id**. (attached page 2). He also makes general claims of sexual harassment, and states that he believes he has been targeted because his father is Berry Gordy, Jr. **Id**. In addition to the above-

mentioned allegations, Brown states in his letter to the court, received on June 8, 2007, that he needs counsel because: 1) the person who was helping him is no longer helping him; 2) he has been subjected to ongoing verbal harassment, including name calling and death threats, for a period of about nineteen months; and 3) he has recently been "cut" on his face by the "office" in retaliation for not dropping the lawsuit against them.  Letter from Carl Brown to Court, dated June 8, 2007.

### III.  DISCUSSION

In making the determination of whether to appoint counsel for an indigent civil litigant under 28 U.S.C. § 1915(e), the court "exercises substantial 'discretion,' subject to the requirement that it be 'guided by sound legal principles.'"  **Cooper v. A. Sargenti Co.**, 877 F.2d 170, 171-72 (2d Cir. 1989) (*quoting* **Jenkins v. Chemical Bank**, 721 F.2d 876, 879 (2d Cir. 1983)).

In ruling on Brown's first application, the Court determined that he satisfied the threshold requirements insofar as his *in forma pauperis* status established his inability to afford counsel. **Brown v. Austin**, 2006 WL 278185, at *1 (S.D.N.Y. Feb. 3, 2006). Similarly, his claims of civil rights violations appeared to be "of substance."  **Hodge**, 802 F.2d at 62; *see* **Brown**, 2006 WL 278185, at *1.  However, in considering the additional **Hodge** factors, the Court determined that appointment of counsel was unnecessary.  **Brown**, 2006 WL 278185, at *2.  The Court denied Brown's motion for appointment of counsel without prejudice, but ordered that if Brown were to re-file, he would be required to explain whether he is illiterate or whether his medical situation keeps him from writing, and how either of these obstacles may affect his ability to represent himself in this case in the future.  **Id**.

In considering for a second time the **Hodge** factors, the Court finds that Brown has

presented no new facts which would support a finding other than the initial determination that the appointment of counsel is unnecessary. It is true that the case will likely involve an assessment of credibility and conflicting evidence, which does implicate the need for cross-examination and therefore weighs towards appointment of counsel. ***See* Hodge**, 802 F.2d at 61 (*citing* **Maclin v. Freake**, 650 F.2d 885, 888 (7th Cir. 1981)). In addition, Brown's incarceration obviously presents an additional obstacle for his prosecution of the case. However, his complaint articulates a clear and concise statement of the facts, as well as the relief he is seeking. Compl. at ¶ IV, IV-A, V.

Moreover, Brown has submitted a request for an extension to file an amended complaint, a response contesting defendants' allegations that they had not been served, and this second motion for appointment of counsel. In all of these submissions, Brown has articulated his position. His submissions belie his claim that he does not know what he is doing, and instead demonstrate that he has been actively and effectively prosecuting his case. Furthermore, Brown's claims do not appear so complex that he cannot be afforded a just determination without legal representation. Therefore, Brown's ability to present his case argues against the need for the appointment of counsel.

Finally, this case can be easily distinguished from the Court's decision granting the appointment of counsel in **Candelaria v. Erickson**. *See* 2006 WL 1764172 (S.D.N.Y. June 26, 2006). In **Candelaria**, the plaintiff had a medical condition which interfered with his ability to present his case, and the case was one which required extensive expert discovery. Neither of these factors is present in Brown's claim. Therefore, after review of Brown's application in light of the aforementioned principles, the Court finds that the appointment of counsel continues to be unwarranted in this case.

Brown's motion for appointment of counsel is **DENIED** without prejudice.

**SO ORDERED this 2nd day of July 2007**
**New York, New York**

*/s/ Ronald L. Ellis*
The Honorable Ronald L. Ellis
United States Magistrate Judge