UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CARL BROWN,

                    Plaintiff,                   05 Civ. 9443 (PKC)

       -against-                      MEMORANDUM
                                               AND ORDER

C.O. GREG M. AUSTIN #11059, C.O.
CLIFFORD K. GUNSETT #13762, C.O. DANIEL
HUTTEL #11141, C.O. ANDREW J. SHAMBO
#11425, SGT. DAVID J. MATYAS #10030, C.O.
STEVEN PURCELL

                    Defendants.
----------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Plaintiff Carl Brown, proceeding pro se, brings this action pursuant to 42 U.S.C.

§ 1983 against Corrections Officers Greg M. Austin, Clifford K. Gunsett, Daniel Huttel,

Andrew J. Shambo and Steven Purcell and Sergeant David J. Matyas.  Plaintiff Brown, an

inmate in the custody of the New York State Department of Corrections ("DOCS") alleges that

in retaliation for his filing of an administrative grievance against Purcell, defendants used

excessive force against plaintiff in violation of his constitutional rights.  Plaintiff also contends

that defendant Matyas conspired with others to prevent plaintiff from receiving medical

treatment for his injuries.  Plaintiff filed an Amended Complaint on January 4, 2007. (Doc. #

37)  Defendants Huttel, Shambo, Purcell and Matyas have moved to partially dismiss the

Amended Complaint ("AC").  Defendants Austin and Gunsett have filed an Answer to the

complaint and do not now seek to dismiss the claims against them. (Doc. # 48)

        The Court declines to convert the motion to dismiss into a motion for summary

judgment under Rule 56, Fed. R. Civ. P., and accordingly, does not consider the extrinsic

evidence submitted by the moving defendants in reaching its decision.  The moving defendants assert, among other things, that plaintiff's claims are administratively unexhausted and that the retaliation and conspiracy claims do not state a claim upon which relief may be granted.  The motion is granted as to the conspiracy claim, which is dismissed, and the motion is otherwise denied.

THE COMPLAINT

On July 7, 2005, plaintiff was incarcerated at the Green Haven Correctional Facility ("Green Haven") in the Special Housing Unit ("SHU"). (AC ¶ 10)  Plaintiff was removed from his cell by officers Austin and Gunsett who handcuffed him and escorted him to the showers. (AC ¶¶ 11-13)  Plaintiff was taken to a different shower than that normally used by SHU inmates. (AC ¶ 14)  Once he was in the shower, plaintiff alleges that Gunsett and Austin left his handcuffs on and "brutally and savagely beat" him. (AC ¶ 15)  He alleges that they pushed him against a shower wall, knocking him down to the floor where they began to kick him in his back and face. (AC ¶¶ 15-16)  In response to the noise from the attack, Huttel, Shambo and Matyas rushed "into the shower area and beg[a]n assaulting Plaintiff by [k]icking, [s]tomping, punching and kneeing Plaintiff, about the face, head, arm's [sic], [and] back . . . ." (AC ¶ 17)  As a result of this attack, plaintiff allegedly suffered a range of injuries, including severe migraines, severe cuts and swelling to various parties of his body, a knife stab wound to his left arm, a finger injury and lower and upper back pain. (AC ¶ 18)  Matyas allegedly conspired with other, unnamed individuals to prevent plaintiff from receiving treatment for these injuries. (AC ¶ 19)  Plaintiff contends that defendants acted "maliciously and sadistically" and in violation of his constitutional rights. (AC ¶ 21)  He further contends that his First

Amendment rights were violated because the attack was in retaliation for his filing of a grievance against Purcell. (AC ¶¶ 20, 22)

DISCUSSION

      A.     <u>Failure to Exhaust</u>

          The Prisoner Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e <u>et seq.</u>, was enacted in an effort to address the large number of prisoner complaints filed in federal court. <u>See</u> <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002) (The PLRA is intended to "reduce the quantity and improve the quality of prisoner suits."). The PLRA does not itself create any substantive rights but "claims covered by the PLRA are typically brought under 42 U.S.C. § 1983 . . . ." <u>Jones v. Bock</u>, _ U.S._, 127 S.Ct. 910, 919 (2007). Under the provisions of the PLRA, "[n]o action shall be brought with respect to prison conditions under [section 1983], or any other Federal law, by a prisoner confined in any . . . correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is intended to afford "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." <u>Porter</u>, 534 U.S. at 524-25. The Supreme Court has made clear that "the PLRA's exhaustion requirement applies to all inmate suits about prison life." <u>Id.</u> at 532. The Second Circuit considers the failure to exhaust administrative remedies an affirmative defense and the burden of proving that a plaintiff has failed to exhaust his administrative remedies is therefore on the defendant. <u>See</u> <u>Jenkins v. Haubert</u>, 179 F.3d 19, 28-29 (2d Cir. 1999). Where a complaint contains claims which are exhausted and claims which have not been properly exhausted, the Court must dismiss only the unexhausted claims and not the complaint in its entirety. <u>Bock</u>, 127 S.Ct. at 924-26.

DOCS has a well-established, three-step, administrative procedure for inmate grievances called the inmate grievance program ("IGP"). N.Y. Correction Law § 139 (2003). First, an inmate must file a complaint with the Inmate Grievance Resolution Committee ("IGRC") at his facility. 7 N.Y. Codes R. & Reg. ("NYCRR") § 701.5(a)(1) (2007).  Absent mitigating circumstances, in order to be timely, a grievance must be filed within 21 days of the alleged incident. § 701.5(a)(1).  A grievance that alleges harassment is forwarded to the superintendent on an expedited basis for an initial determination of whether the grievance, if true, would represent a bona fide case of harassment as defined in § 701.2. § 701.8 (b)-(c).  If it is determined that the grievance does not state a harassment claim, then it is returned to IGRC for normal processing. § 701.8(c).  If it is determined that the grievance does present a viable harassment issue, the superintendent arranges for an appropriate investigation. § 701.8(d).

For grievances processed on a non-expedited basis, if the IGRC cannot resolve the dispute informally to the satisfaction of the inmate, it holds a hearing, which must take place within 16 days of the IGRC's receipt of the grievance. § 701.5(b)(2).  After receiving a written response from the IGRC, an inmate has seven days in which to appeal to the superintendent of his facility. § 701.5(c)(1).  Finally, the inmate may appeal the written decision of the superintendent to the Central Office Review Committee ("CORC") within seven days of receiving the decision. § 701.5(d)(1)(i).  The CORC "consists of the deputy commissioner and counsel, deputy commissioner for correctional facilities, deputy commissioner for program services, deputy commissioner for administrative services, and the deputy commissioner and chief medical officer, or their designees expressly authorized to act for them." § 701.5(d)(2)(i).  An inmate may attend a hearing or appeal a grievance unaided or aided by a member of staff or another inmate. § 701.6(a).

Here, defendants contend that plaintiff had failed to exhaust his administrative remedies because he failed to appeal any grievance relating to the allegations of the Amended Complaint to CORC.  In opposition to defendants' motion, plaintiff has submitted an affirmation in which he asserts that he has "exhausted all of his administrative remedies by way of issuing grievances to the grievance committee." (Pl. Opp. ¶ 6)  While plaintiff does not specifically allege that he has received a CORC determination, he does contend that all "grievances [are] exhausted." (Id.)

Defendants also allege that any grievance filed by plaintiff applied only to the actions of Austin and Gunsett and failed to allege excessive force on the part of Huttell, Shambo and Matyas.  Under the Supreme Court's recent decision in Jones v. Bock, the failure to name an individual in an administrative grievance does not necessarily mean that plaintiff has failed to exhaust his administrative remedies in regard to the individual who is later sued. See Bock, 127 S.Ct. at 922-23.  As in Bock, the New York regulation governing inmate grievances does not contain a provision denominating specifically who must be named in an inmate grievance but rather mandates that the grievance "should contain a concise, specific description of the problem and the action requested and indicate what actions the grievant has taken to resolve the complaint . . . ." 7 NYCRR § 701.5(a)(2).  Therefore, even assuming that plaintiff did fail to name Huttell, Shambo and Matyas in his grievance, the claim against them does not fail as a matter of law and dismissal is inappropriate at this juncture.

Further, the Court must consider the three-part inquiry set forth in Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004), which is to be undertaken whenever a prisoner counters a defendant's argument that he or she failed to exhaust.  Under Hemphill, the court first considers whether administrative remedies were "available" to the prisoner, then whether

the defendants failed to preserve a non-exhaustion argument by failing to raise the issue or preserve it, and finally, whether the defendant's own actions inhibited the inmate's exhaustion of remedies, and if so, whether the actions estopped one or more defendant from raising non-exhaustion. Id. Because the Court cannot undertake the Hemphill inquiry until the factual record is developed, dismissal of the action at this early stage is premature. See Ziemba v. Wezner, 366 F.3d 161, 164 (2d Cir. 2004) (directing the district court on remand to wait for the summary judgment stage before engaging in the Hemphill inquiry). The circumstances relative to exhaustion may look quite different on a motion for summary judgment and nothing herein is intended to prejudice defendants' right to seek dismissal after the close of discovery.

   B.   Pleading Standards

   On a motion to dismiss, a court must accept the allegations of the complaint as true and draw all reasonable inferences in the non-movant's favor. See Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007). Pro se pleadings are to be given a liberal and generous construction and are to be read to "raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

   Rule 8(a)(2), Fed. R. Civ. P., requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (alteration in Twombly). When a defendant tests the sufficiency of a complaint by a motion under Rule 12(b)(6), Fed. R. Civ. P., "[t]o survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, 493 F.3d at 98 (quoting Twombly, 127

S. Ct. at 1965).  The complaint is measured against a flexible "plausibility standard," which obligates the "pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible."  Iqbal, 490 F.3d at 157-58.  This "does not require heightened fact pleading of specifics," In re Elevator Antitrust Litig., __ F.3d __, 2007 WL 2471805, at *2 (2d Cir. Sept. 4, 2007); see Erickson v. Pardus, __ U.S. __, 127 S. Ct. 2197, 2200 (2007); however, it does "require enough facts to 'nudge [plaintiff's] claims across the line from conceivable to plausible.'" Elevator Antitrust Litig., 2007 WL 2471805, at *2 (quoting Twombly, 127 S. Ct. at 1974) (alteration in Elevator Antitrust Litig.).

    1.  Retaliation

      In order to prevail on a First Amendment retaliation claim, an inmate must demonstrate "that he engaged in constitutionally protected conduct and, second, that the conduct was a substantial or motivating factor for the adverse actions taken by prison officials." See Bennett v. Goord, 343 F.3d 133, 137 (2d Cir. 2003) (citation omitted).  An action by prison officials is "adverse" only where it "would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights . . . . Otherwise, the retaliatory act is simply de minimis and therefore outside the ambit of constitutional protection." Dawes v. Walker, 239 F.3d 489, 493 (2d Cir. 2001), overruled on other grounds, Swierkiewicz v. Sorema N.A., 534 U.S. 534 (2002) (internal citations omitted).

      Defendants do not dispute that the filing of a grievance against Purcell was a constitutionally protected activity. (Defs.' Mem. Supp. Mot. Dismiss at 12)  Rather, defendants contend that plaintiff has failed to allege a causal connection between the filing of a grievance against Purcell and the alleged use of force against plaintiff in the shower.  However, plaintiff has alleged that "[d]efendant Purcell provoked this whole incident due to Plaintiff filing a

grievance and complaint against him for his abuse of his authority and mis-conduct [sic]." (AC ¶ 20)  Taking the allegations of the complaint as true, as I must on this motion, plaintiff has alleged sufficient facts to give defendants "fair notice of the basis of [Brown's] claims" against them. Swierkiewicz, 506 U.S. at 514.

2.  Conspiracy

"In order to survive a motion to dismiss on his § 1983 conspiracy claim, [a plaintiff] must allege (1) an agreement [between two or more state actors]; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002) (citing Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999)).  Where a complaint contains only "conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights," it is properly dismissed.  Ciambriello, 292 F.3d at 325.  Here, plaintiff has failed to allege facts in support of his claim of conspiracy.  Plaintiff's sole allegation relating to his conspiracy claim is that "Sgt. Matyas, conspired along with different shift Officer's [sic] to keep Plaintiff inside [Shu] unit to avoid treatment for injuries Plaintiff sustained." (AC ¶ 19)  No "overt act [ ] in furtherance of that goal" is alleged.  The allegation is conclusory, does not give fair notice of the claim and is insufficient to state a claim of conspiracy.

CONCLUSION

Defendants' motion to dismiss (Doc. #49) is granted insofar as the conspiracy claim is dismissed.  In all other respects, the motion is denied.

- 9 -

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       October 3, 2007